## Case No. 5,853.

### GRUNNINGER v. PHILPOT et al.

[5 Biss. 104.] [1]

Circuit Court, N. D. Illinois.   June, 1869.

RECEIVING DEPOSITIONS TAKEN IN STATE COURT —PARTY OBJECTING.

1. It is proper practice for the federal court, upon application before the trial, to allow depositions taken in a suit between the same par-

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

ties for the same cause of action, to be filed as evidence.

[Cited in The John H. Starin, Case No. 7,351.]

2. A party objecting should show affirmatively that there was mistake, misapprehension, or other good cause why they should not be received.

3. In doubtful cases, it is better, ordinarily, to admit than to exclude evidence.

The same defendants [Bryan Philpot and others] were sued by this plaintiff [Alice B. Grunninger] in the superior court of Chicago on the same cause of action. That suit was dismissed at plaintiff's cost, by plaintiff's attorney, he not being ready for trial. Suit being instituted in this court, and the cause being reached upon the call of the docket for trial, it is submitted by defendants whether the depositions taken and filed in the cause in the superior court can be used in this case.

Hutchinson & Luff, for plaintiff.

Gookins & Roberts, for defendants.

DRUMMOND, District Judge. The practice that has been pursued heretofore in relation to depositions of this kind, has been for the party, before the trial, to make application to the court for leave to read the depositions taken in the former suit, and that leave, has I believe, in all cases been given. The question, I think, has never been distinctly presented and argued at length as to the admissibility of this kind of testimony, but it has generally been considered as competent for the court, in its discretion, to allow it to be read, on the ground that the parties are the same, the suit the same, and both parties have had the opportunity of examining and cross-examining the witnesses; therefore, all the usual tests of truth have been applied, and it is presumed that the testimony and statements of the witnesses are correctly set forth in the depositions. At the same time, I can easily imagine that cases may arise where it would be improper for the court to allow depositions taken in this way to be used on the trial of another cause; as, for example, where, owing to misapprehension, misinformation, or mistake, or from any cause operating upon a party or his counsel, a witness was not interrogated or cross-examined as to certain facts. In such a case, it might not promote justice to allow the deposition to be read. But the inclination of my mind is, that where a deposition was regularly taken and cross-examination permitted, the deposition can be read; and I think it would be incumbent on the party objecting, to show, upon the application, which should be made to the court in the first instance for leave to read the depositions, why they should not be read, giving some good and substantial reason.

It is a very close question, I admit, under the authorities, but while they are somewhat in conflict, still, in doubtful cases, I am always inclined in favor of the admissibility of the testimony. I think, in all cases of doubt, it is better to admit than to exclude evidence. It ought to appear clearly that the evidence is

incompetent in order that it should be excluded; therefore, I should feel inclined, in this case, to admit this testimony, unless it is made to appear to the court in some way that it would be prejudicial to the rights of one of the parties for the court to receive it.

The depositions will be allowed to be read unless special reason is shown to the contrary.